UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

February 20, 2018

**LETTER MEMORANDUM**

**Re:** *Barbara A. Williams v. New Jersey Transit Rail Operation, et al.*
**Civil Action No. 17-1407 (ES) (JAD)**

Dear Parties:

Pending before the Court is Defendants' motion to dismiss *pro se* Plaintiff's Complaint for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (D.E. No. 10). For the following reasons, Defendants' motion is GRANTED. The Court will grant Plaintiff sixty days to properly serve Defendants.

Plaintiff brought this action on February 28, 2017. (D.E. No. 1). On March 1, 2017, the Clerk of Court issued a Summons for Defendants New Jersey Transit Rail Operation ("NJT"), Patrick Flanagan, Ralph Glover, and John Bass.[1] (D.E. No. 2). Plaintiff attempted to serve Defendants by sending the Summons and Complaint via certified mail to Deputy Attorney General ("DAG") Michael Gonnella. (*See* D.E. Nos. 7 & 8). Defendants argue that Plaintiff's service of the Summons and Complaint on DAG Gonnella by certified mail is defective as to all Defendants. (*See* D.E. No. 10-1 at 1). Defendants also argue that Plaintiff's failure to properly serve Defendants within the time period permitted under Federal Rule of Civil Procedure 4(m)—i.e., 90 days—warrants dismissal of Plaintiff's Complaint. (*See id.* at 12-13).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (citation and internal quotation marks omitted).

*Serving an Individual*. Under Federal Rule of Civil Procedure 4(e), service of process on individuals may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," or (A) "by delivering a copy of the summons and of the complaint to the individual personally, (B) by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (C) by "delivering a copy of

---

[1] The Court will refer to Defendants Flanagan, Glover, and Bass as the "Individual Defendants."

each to an agent authorized by appointment or by law to receive service of process." *See Reddy v. Medquist, Inc.*, No. 06-4410, 2009 WL 2413673, at *3 (D.N.J. Aug. 4, 2009).

Here, Plaintiff's filings indicate that she did not attempt to make personal service on the Individual Defendants. (*See* D.E. Nos. 11, 12 & 14). Plaintiff's mailing of the Summons and Complaint to DAG Gonnella is ineffective under both the Federal Rules of Civil Procedure and Rules Governing the Courts of the State of New Jersey, as DAG Gonnella is not an eligible agent to receive process on behalf of the Individual Defendants. (*See* D.E. No. 10-4, Ex. A, Certification of Michael J. Gonnella ("Gonnella Cert.") ¶ 4). Accordingly, Plaintiff must properly serve the Individual Defendants.

***Serving a Corporation, Partnership, or Association***. Under Federal Rule of Civil Procedure 4(h)(1), a domestic or foreign corporation, partnership, or other unincorporated association, when served in the United States, must be served either (A) "in the manner prescribed by Rule 4(e)(1) for serving an individual" or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." *See Reddy*, 2009 WL 2413673, at *6-7.

Here, Plaintiff's filings indicate that she did not properly serve NJT. DAG Gonnella is not authorized to accept service on behalf of NJT, nor is DAG Gonnella even an employee of NJT. (*See* Gonnella Cert. ¶ 3; D.E. No. 10-1 at 11-12); *see also Kovalesky v. A.M.C. Associated Merchandising Corp.*, 551 F. Supp. 544, 545-46 (S.D.N.Y. Nov. 24, 1981). Further, because Plaintiff has not attempted to personally serve NJT, she cannot rely on New Jersey Court Rule 4:4-3, which allows service of process by certified mail when personal service cannot be effectuated after a reasonable and good faith attempt. Accordingly, Plaintiff must properly serve NJT.

In light of Plaintiff's *pro se* status and her repeated (albeit, procedurally improper) efforts to serve Defendants (*see* D.E. Nos. 11, 12 & 14), the Court will permit Plaintiff sixty days to properly serve Defendants.

An appropriate Order follows.

s/Esther Salas  
**Esther Salas, U.S.D.J.**