**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARBARA A. WILLIAMS,** | |
| Plaintiff, | |
| v. | Civil Action No. 17-1407 (ES) (JAD) |
| **NEW JERSEY TRANSIT RAIL OPERATIONS,** *et. al.*, | OPINION |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Before the Court is defendants New Jersey Transit Rail Operations ("NJT") and John Bass's (collectively "Defendants[1]") motion to dismiss *pro se* plaintiff Barbara A. Williams's ("Plaintiff") amended complaint (D.E. No. 19, Amended Complaint ("Am. Compl.")). (D.E. No. 45). The Court has considered the parties' submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, Defendants' motion to dismiss is GRANTED.

**I.     Background[2]**

At the onset, the Court notes that Plaintiff's Amended Complaint is not a model of clarity. In light of Plaintiff's *pro se* status, the Court gleans, as best it can, the following facts from the

---

[1]     Patrick Flanagan and Ralph Glover are included as individual defendants in the Amended Complaint (Am. Compl. at 1). The claims against Glover were later dismissed. (D.E. No. 43). Because Flanagan no longer works at NJT, service could not be waived on his behalf, as it had been for Defendants. (D.E. No. 44). It appears Flanagan has still not been served, and he does not join in Defendants' motion. However, because the pleading deficiencies identified by the Court result in the entire complaint being dismissed, the claims against Flanagan are also dismissed.

[2]     The Court must accept Plaintiff's factual allegations as true for purposes of resolving the pending motion to dismiss. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012).

Amended Complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff brings this action against Defendants for alleged violations of employment laws in connection with her employment at NJT. (Am. Compl. at 3–4[3]). According to the Amended Complaint, Plaintiff began working at NJT in approximately 1982, and she is currently a Substation Class A. (Am. Compl. at 5–6). From the year 2000 onwards, Plaintiff alleges that she was subjected to discriminatory conduct on the basis of her sex and major stress disorder, as well as retaliation on a semi-yearly basis. (*Id.*). This conduct includes "being left understaffed, being denied an upgrade, being forced to work alone, as well as other adverse actions." (*Id.* at 5). Plaintiff alleges that the Defendants continue to commit these acts against her. (*Id.*).

In her original complaint, Plaintiff alleged claims against Defendants for violations of (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); (ii) the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"); (iii) the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA"); and (iv) the Equal Pay Act of 1963, 29 U.S.C. § 206 ("Equal Pay Act"). (D.E. No. 1 at 2–5). The original complaint was dismissed for insufficient service of process, and the Court provided sixty days for Plaintiff to properly serve Defendants, Flanagan, and Glover. (D.E. No. 15 at 2; D.E. No. 16). Plaintiff filed the Amended Complaint on April 30, 2018.[4] Although it is not entirely clear, it appears Plaintiff alleges Title VII claims against NJT and the individual defendants and ADA and Equal Pay Act claims against NJT only. (Am. Compl. at 5 & 8).

---

[3]  Pincites to page numbers in the Amended Complaint refer to the CM/ECF pagination generated on the upper-righthand corner.

[4]  After the Amended Complaint was filed, Defendants, Flanagan, and Glover renewed their motion to dismiss. (D.E. No. 25). However, that motion was administratively terminated (D.E. No. 27), and this case was later stayed pending the resolution of two appeals in the Third Circuit on the issue of whether NJT is entitled to claim the protections of Eleventh Amendment immunity. (D.E. No. 31). Once the stay was lifted, Defendants agreed to waive service and filed the instant motion to dismiss. (D.E. Nos. 44 & 45).

## II.     Legal Standard

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "When reviewing a motion to dismiss, all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (internal quotation marks omitted).  The Court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Finally, "[i]n considering the defendants' motion to dismiss, the . . . Court [i]s required to interpret the *pro se* complaint liberally . . . ." *See, e.g.*, *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018).  "Yet there are limits to our procedural flexibility" when it comes to *pro se* litigants. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Particularly, *pro se* litigants are not relieved of the obligation to plead enough factual matter to meet Rule 8(a)(2)'s plausibility standard. *See Franklin v. GMAC Mortg.*, 523 F. App'x 172, 172–73 (3d Cir. 2013); *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) ("The Court

3

need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'").

### III. Analysis

#### A. Eleventh Amendment Immunity

Defendant argues that Plaintiff's ADA claims against NJT are barred based on sovereign immunity under the Eleventh Amendment. (D.E. No. 45-1 ("Def. Mov.Br.") at 5–6). Plaintiff does not substantively dispute this argument. (*See generally* D.E. No. 46 ("Pl. Opp.")).

The Eleventh Amendment protects non-consenting states from suits brought in federal court by private citizens seeking money damages. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This protection also extends to "arms of the state," and as the Third Circuit has expressly held, NJT is considered an arm of the state that qualifies for protection under the doctrine of sovereign immunity. *Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) ("NJ Transit is entitled to claim the protections of Eleventh Amendment immunity, which in turn functions as an absolute bar to any claims in this case against NJ Transit and the officers in their official capacities.").

However, certain legislation at the state and federal level has limited the states' ability, and NJT's ability, to assert sovereign immunity in certain cases. With respect to the ADA, the Eleventh Amendment analysis is somewhat complex, "and it may turn on the precise claim being asserted." *Somerset v. New Jersey*, No. 17-993, 2018 WL 6705698, at *9 (D.N.J. Dec. 20, 2018). Specifically, the Supreme Court has held that suits for money damages under Title I of the ADA are barred by the Eleventh Amendment, *Bd. of Trs. v. Garrett*, 531 U.S. 356, 360 (2001), but that there has been Congressional abrogation of immunity for certain claims under Title II of the ADA, *United States v. Georgia*, 546 U.S. 151, 159 (2006); *Chitester v. Dep't of Child Prot. Permanency*, No. 17-12650, 2018 WL 6600099, at *5 (D.N.J. Dec. 17, 2018). Based on Plaintiff's Amended

Complaint, it appears that she alleges claims based on Title I of the ADA because she has checked the box indicating as much. (Am. Compl. at 5 (indicating that this case is one for discrimination in *employment*, which is governed by Title I of the ADA)). As such, the Court lacks jurisdiction over these claims, and they must be dismissed *without prejudice*.[5] *Pennhurst State School & Hosp.*, 465 U.S. at 100 (describing sovereign immunity as a "jurisdictional bar");.*see Bodrog v. New Jersey State Police*, No. 17-03956, 2018 WL 2411615, at *3 (D.N.J. May 29, 2018) ("[C]ourts have also concluded the Eleventh Amendment bars employment-related, Title I suits such as this one against a state under the ADA.").

### B. Title VII Claims Against Individual Defendants

Defendants next argue that any Title VII claim against Bass must be dismissed because individual defendants are not subject to liability under the statute. Because it is well settled that individual defendants who are not themselves employers are not liable under Title VII, the Court agrees. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). In *Sheridan*, the Third Circuit concluded "that Congress did not intend to hold individual employees liable under Title VII." 100 F.3d at 1078; *see also Gretzula v. Camden Cty. Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 486 (D.N.J. 2013). Plaintiff's Title VII claims against any individual defendants are therefore dismissed *with prejudice*.

### C. Failure to State a Claim

Finally, Defendants argue that all claims must be dismissed for failure to state a claim. (Def. Mov. Br. at 7–8). The Court agrees.

---

[5]    Defendants request that the Court issue an order dismissing any future ADEA claims brought in federal court on the basis of Eleventh Amendment immunity. (Def. Mov. Br. at 6). The Court declines to issue an Opinion as to any claims that are not before it.

5

To start, with respect to Plaintiff's ADA and Equal Pay Act claims, Plaintiff has not alleged a single fact in support. (*See generally* Am. Compl.). Other than checking a box to indicate she brings a claim under the ADA and listing "Equal Pay" as a federal law that was violated, Plaintiff provides no factual allegations for the Court's consideration. (Am. Compl. at 4). Moreover, although there are some allegations with respect to the Title VII claims about how Defendants "treated [Plaintiff] differently from the male employees," they are far from sufficient. (*See* Am. Comp. at 8).[6] In sum, there are no facts alleged in the Complaint to allow the Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *See, e.g.*, *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Instead, the Complaint is mostly riddled with "mere conclusory statements" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]"—which are insufficient to state a claim. *See, e.g.*, *id*. As such, the Court will dismiss Plaintiff's Complaint in its entirety.

## IV.  Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. An appropriate Order accompanies this Opinion.

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] Plaintiff includes some additional allegations in her opposition brief regarding timesheets and a Caucasian male that occurred on March 26th or 27th of 2014. (D.E. No. 46 at 1). However, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo., Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (alteration omitted). But even if the Court were to consider the facts in the opposition brief, Plaintiff still fails to state a claim.

6