<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARBARA A. WILLIAMS,<br><br>        Plaintiff,<br><br>        v.<br><br>NEW JERSEY TRANSIT RAIL OPERATION, *et. al.*,<br><br>        Defendants. | Case No. 2:17-cv-01407 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is a Motion to Dismiss filed by Defendants New Jersey Transit Rail Operations ("NJT") and John Bass ("Bass") (collectively, "Defendants") seeking to dismiss *pro se* Plaintiff Barbara A. Williams's ("Williams") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 67.) Williams opposed the motion. (ECF No. 68.) Defendants replied. (ECF No. 69.) Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**, and Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is **DENIED as moot**.

**I.    BACKGROUND**

For the purposes of this Motion to Dismiss, the Court "accept[s] as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 653 (3d Cir. 2003)). The Court also considers any

"document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citing *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

The factual and procedural backgrounds of this dispute are explained in the Court's Opinion dated June 29, 2020 (the "2020 Opinion") (ECF No. 49),[1] which the Court incorporates by reference. The dispute stems from the alleged gender discrimination that Williams sustained during her employment with NJT. (ECF No. 58 ¶¶ 5–12.) The 2020 Opinion dismissed Williams's First Amended Complaint. (ECF No. 49 at 1.)

On April 21, 2021, Williams filed the Second Amended Complaint, asserting claims under the New Jersey Law Against Discrimination ("NJLAD," N.J. Stat. Ann. § 10-5, *et seq*.) against Defendants. (ECF No. 58.) On July 9, 2021, Defendants filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 67), Williams opposed the motion (ECF No. 68), and Defendants replied (ECF No. 69).

## II.   LEGAL STANDARD

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 U.S. Dist. LEXIS 37639, at *2 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). On a Rule 12(b)(1) challenge, "[t]he court's focus must not be on whether the factual allegations would entitle the plaintiff to relief, but instead should be on whether this Court has jurisdiction to hear the claim and grant

---

[1] *Williams v. N.J. Transit Rail Operations*, Civ. A. No. 17-1407, 2020 U.S. Dist. LEXIS 114138, 2020 WL 3496952 (D.N.J. June 29, 2020).

relief." *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 458 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack does not dispute "the facts alleged in the complaint," and "requires the court to 'consider the allegations of the complaint as true.'" *Id*. (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). A factual attack disputes "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case,'" and "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The submission of "a signed declaration" or "a sworn statement of facts" disputing the non-movant's factual allegations constitutes "a factual challenge to subject matter jurisdiction." *Id*. (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982)). Here, Defendants' challenge on subject matter jurisdiction is a facial attack, because Defendants do not dispute Williams' factual allegations in seeking dismissal under Rule 12(b)(1). (*See* ECF No. 67-1 at 4–5.)

**III.   DECISION**

Defendants argue the Second Amended Complaint only sets forth claims against Defendants under the NJLAD and therefore should be dismissed for lack of jurisdiction. (*Id*. at 4.) The Court agrees.

"In order to have subject matter jurisdiction, a District Court must be able to exercise either diversity jurisdiction or federal question jurisdiction." *Haiying Xi v. Shengchun Lu*, 226 F. App'x 189, 190 (3d Cir. 2007) (citing 28 U.S.C. §§ 1331 and 1332). The Second Amended Complaint does not allege a violation of the United States Constitution or federal law, which means the Court lacks federal question jurisdiction over this case. *See* 28 U.S.C. § 1331. As a result, the Court must analyze whether it has diversity jurisdiction under 28 U.S.C. § 1332.

"[I]t is the plaintiff who bears the burden of proving that the federal court has jurisdiction." *McCracken v. Murphy*, 129 F. App'x 701, 702 (3d Cir. 2005) (citations omitted). "[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chem. Leaman Tank Lines v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n.13 (3d Cir. 1999) (citing 5 Wright & Miller § 1208, at 100 (2d ed. 1990)); *see also Robinson v. CRS Facility Servs., LLC*, Civ. A. No. 12-2693, 2014 U.S. Dist. LEXIS 105130, at *4–5 (D.N.J. July 31, 2014) ("Plaintiffs, even when proceeding *pro se*, must plead the citizenship of the individual defendants for the court to determine whether complete diversity of the parties in fact exists and thus whether the court has jurisdiction to adjudicate the matter." (citations omitted)); *Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 516 (D.N.J. 2000) ("It is the plaintiffs' burden to adequately plead diversity jurisdiction [in a diversity case]." (citations omitted)). "Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citations omitted). Also, "[a] plaintiff asserting diversity jurisdiction bears the

burden of demonstrating that the amount in controversy exceeds $75,000." *In re Paulsboro Derailment Cases*, 704 F. App'x 78, 84 (3d Cir. 2017) (citing *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016)).

Here, Williams makes no showing of the parties' citizenships, thereby failing to meet her burden to demonstrate complete diversity. Instead, Williams indicates the addresses of all the parties are in New Jersey (ECF No. 19 at 2–3), which could only speak against finding complete diversity. Even if Williams alleges the addresses of the parties to be in different states, it is insufficient to meet her burden. *See Rosario v. Hassan*, Civ. A. No. 13-1509, 2013 U.S. Dist. LEXIS 70935, at *6 (D.N.J. May 17, 2013) ("An address or business address is not sufficient to establish citizenship."); *McNair v. Synapse Grp., Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (finding that the "[a]ppellants['] refer[ence] to themselves as 'residents' of their respective states, not as 'citizens' or 'domiciliaries' of those states," was "jurisdictionally inadequate in [a] diversity of citizenship case" (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972))); *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 469 (D.N.J. 2012) ("[M]erely alleging an address for each [d]efendant is . . . insufficient to demonstrate a party's citizenship for diversity purposes."). Also, Williams makes no showing of the amount in controversy with Defendants.

Therefore, the Second Amended Complaint must be dismissed for lack of subject matter jurisdiction. The dismissal is without prejudice. *Talley v. United States*, Civ. A. No. 11-1180, 2014 U.S. Dist. LEXIS 9075, at *8 (D.N.J. Jan. 24, 2014) ("If a court lacks subject matter jurisdiction, it must dismiss the case without prejudice." (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155–56 (3d Cir. 1997))); *see also Obianyo v. United States Citizenship & Immig. Servs. Pa.*, Civ. A. No. 17-1467, 2019 U.S. Dist. LEXIS 51847, at *6 n.6 (D.N.J. Mar. 25, 2019) ("[B]ecause the [c]ourt has found it does not have subject matter jurisdiction, it is obligated

to dismiss those claims without prejudice and without a decision on the merits."); *Haagensen v. Wherry*, Civ. A. No. 14-495, 2014 U.S. Dist. LEXIS 143277, at *13 (W.D. Pa. Sept. 8, 2014) ("A complaint that lacks subject matter jurisdiction must be dismissed without prejudice, as the court has no authority to address the merits of the case." (citations omitted)). Because Defendants "succeed[] on a Rule 12(b)(1) motion," the Court "cannot proceed to analyze [Defendants'] Rule 12(b)(6) motion." *Feuss v. Enica Eng'g, PLLC*, Civ. A. No. 20-2034, 2021 U.S. Dist. LEXIS 57971, at *4 (D.N.J. Mar. 26, 2021) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–85 (1999)); *see also Verify Smart Corp. v. Bank of Am., N.A.*, Civ. A. No. 14-5117, 2015 U.S. Dist. LEXIS 85056, at *6 (D.N.J. June 30, 2015) ("[The court] does not address [the defendant's] dismissal arguments under Fed. R. Civ. P. 12(b)(6) because it lacks subject matter jurisdiction to do so.").

**IV.    CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) is **GRANTED**, and Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) is **DENIED as moot**. Williams's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Williams has thirty (30) days to file a Third Amended Complaint, and failure to do so will turn dismissals without prejudice into dismissals with prejudice. An appropriate order follows.

**Date: September 9, 2021**                    */s/ Brian R. Martinotti*
                                                                             **HON. BRIAN R. MARTINOTTI**
                                                                             **UNITED STATES DISTRICT JUDGE**