**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BARBARA A. WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> NEW JERSEY TRANSIT RAIL OPERATION, *et al.*, <br><br> Defendants. | Case No. 2:17-cv-01407 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants New Jersey Transit Rail Operation ("NJT") and John Bass's ("Bass") (collectively, "Defendants") Motion to Dismiss, seeking to dismiss *pro se* Plaintiff Barbara A. Williams's ("Williams") Third Amended Complaint. (ECF No. 82.) Williams opposed the Motion (ECF No. 86), and Defendants filed a reply (ECF No. 89). Having reviewed the submissions filed in connection with the motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Defendants' Motion to Dismiss is **GRANTED**, and Williams's Third Amended Complaint is **DISMISSED**.

### I. BACKGROUND[1]

For the purpose of this motion to dismiss, the Court accepts the factual allegations in the Third Amended Complaint as true and draws all inferences in the light most favorable to Williams.

---

[1] The factual and procedural backgrounds of this matter are well known to the parties and were previously recounted by the Court in an earlier Opinion dismissing Williams's Amended Complaint without prejudice. (ECF No. 49.) The dispute stems from the alleged discrimination

*See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) ("Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party.") (citing *Warth v. Seldin*, 422 U.S. 490 (1975)). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Williams commenced her action against Defendants on February 28, 2017. (ECF No. 1.) On February 20, 2018, the Court dismissed Williams's Complaint for improper service of process. (ECF Nos. 15, 16.) On April 30, 2018, Williams filed an amended complaint, alleging Defendants violated Title VII of the Civil Rights Act of 1963 (Title VII), 42 U.S.C. § 2000e; the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101; the Equal Pay Act, 29 U.S.C. § 206, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621. (ECF No. 19.) On June 29, 2020, the Court dismissed Williams's Title VII claims with prejudice. (ECF Nos. 49, 50.) The remaining counts were dismissed without prejudice, but Williams was not permitted to reassert claims barred by sovereign immunity because the Court lacked jurisdiction. (*Id.*)

Williams subsequently filed her Second Amended Complaint, asserting claims under the New Jersey Law Against Discrimination ("NJLAD") against Defendants. (ECF No. 58.) On September 9, 2021, the Court dismissed Williams's Second Amended Complaint for lack of subject matter jurisdiction. (ECF No. 71.)

On November 17, 2021, Williams filed her Third Amended Complaint, repleading claims under NJLAD. (ECF No. 78.) On December 16, 2021, Defendants moved to dismiss Williams's

---

that Williams sustained during her employment with NJT. (ECF No. 78.) Therefore, the Court includes only the facts and procedural background relevant to this motion.

Third Amended Complaint. (ECF No. 82.) On January 10, 2022, Williams filed her opposition. (ECF No. 86.) On January 19, 2022, Defendants filed their reply. (ECF No. 89.)

## II. LEGAL STANDARD

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, Civ. A. No. 12-3922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (quoting *In re Corestates Tr. Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)). On a Rule 12(b)(1) challenge, "[t]he court's focus must not be on whether the factual allegations would entitle the plaintiff to relief, but instead should be on whether this Court has jurisdiction to hear the claim and grant relief." *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 458 (D.N.J. 2002) (citing *New Hope Books, Inc. v. Farmer*, 82 F. Supp. 2d 321, 324 (D.N.J. 2000)).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack does not dispute "the facts alleged in the complaint," and "requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). A factual attack disputes "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact

exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case,'" and "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id.* (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The submission of "a signed declaration" or "a sworn statement of facts" disputing the non-movant's factual allegations constitutes "a factual challenge to subject matter jurisdiction." *Id.* (citing *Int'l Ass'n of Machinists & Aerospace Workers v. Nw. Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982)). Here, Defendants' challenge on subject matter jurisdiction is a facial attack because it was filed pre-answer and does not present competing jurisdictional facts. *See, e.g.*, *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("The [defendant] filed the attack before it filed any answer to the [c]omplaint or otherwise presented competing facts. Its motion was therefore, by definition, a facial attack.")

Because Williams is appearing *pro se*, the Court will liberally construe her Third Amended Complaint. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Additionally, the Court will apply the pertinent law to Williams's pleadings, "irrespective of whether a *pro se* litigant has mentioned [the pertinent law] by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002).

### III. DECISION

On September 9, 2021, the Court dismissed Williams's Second Amended Complaint, finding the Court lacked subject-matter jurisdiction over Williams's state law claims because Williams had not established diversity of citizenship. (ECF No. 71.) The Court permitted Williams to amend her complaint to cure her pleading deficiencies. (ECF No. 72.) However, Williams has again failed to plead the parties' citizenship, and therefore, has not established the Court's subject matter jurisdiction over her single state law claim.

As a general matter, an amended complaint "supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (internal quotation and citation omitted). Here, Williams's Third Amended Complaint does not refer to her earlier pleading other than by incorporating exhibits that she attached to prior pleadings. (ECF No. 78.) Keeping Williams's *pro se* status in mind, the Court finds Williams's Third Amended Complaint only pleads claims under NJLAD.[2] *See Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (recognizing that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").

The Court lacks subject matter jurisdiction over Williams's claims under NJLAD. The Court previously informed Williams that to plead claims under state law, Williams must demonstrate the parties' citizenship. (ECF No. 71 at 5.) Williams's Third Amended Complaint does not identify Defendants' citizenship.

A *pro se* plaintiff must comply with minimum pleading standards. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004). "Even when appearing pro se, a plaintiff cannot be silent as to the citizenship of the parties." *Crisafulli v. Ameritas Life Ins. Co.*, Civ. A. No. 13-05937, 2014 WL 2611839, at *5 (D.N.J. June 11, 2014). Subject matter jurisdiction based on diversity under 28 U.S.C. § 1332 requires complete diversity, meaning no plaintiff is a citizen of the same state as any defendant. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

---

[2] In response to Defendants pointing out Williams's only claim is a state law claim, Williams appears to argue she checked boxes in her previous complaint to indicate she was bringing claims under federal statutes. (ECF No. 86 at 4.) A party cannot amend a complaint through the filing of a brief opposing a motion to dismiss. *Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Williams abandoned all of federal claims in her Second Amended Complaint. (ECF No. 58.)

The Court, in its prior opinion, explained the above to the parties. (ECF No. 71 at 5.) The Court even cautioned Williams that the New Jersey addresses of all the parties could only speak against finding complete diversity. (*Id.*) Despite the Court's clear instruction, Williams failed to show complete diversity.

In light of Williams's failure to cure defects of her remaining state law claims (ECF No. 58), the Court finds no reason to depart from the custom to "decline to exercise supplemental jurisdiction if the Court has dismissed all the claims over which the Court possesses original jurisdiction." *See, e.g., Mesadieu v. City of Linden*, 791 F. App'x 294, 296 (3d Cir. 2020). The decision to exercise or decline supplemental jurisdiction is committed to the Court's discretion. *See Maher Terminals, LLC v. Port Auth. of N.Y. & N.J.*, 805 F.3d 98, 112 (3d Cir. 2015). "That discretion, however, is not unbridled." *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). This "Court should 'consider . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise [supplemental] jurisdiction over" the state law claims "or to dismiss [those] claim[s] without prejudice." *De Ritis v. McGarrigle*, 861 F.3d 444, 459 n.13 (3d Cir. 2017). A *pro se* plaintiff's failure to address the shortcomings noted in the court's prior opinion shows amendment would be futile. *Patel v. Crist*, Civ. No. A. 19-8946, 2020 WL 6156751, at *3 (D.N.J. Oct. 20, 2020); *see also Blackbook Cap., Inc. v. Fin. Indus. Regul. Auth., Inc.*, Civ. No. A. 19-21772, 2021 WL 1827268, at *3 (D.N.J. May 5, 2021) (same). Besides, an amendment is futile where an amended complaint could not withstand a renewed motion to dismiss. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Williams was given an opportunity to cure and she was also given directions from the Court. (ECF No. 71 at 6.) Nonetheless, because Williams's Third Amended Complaint suffers from the same fatal defect as her Second Amended Complaint, the Court finds amendment would be futile. Therefore, the Court concludes balance of factors "point

toward declining to exercise jurisdiction over the remaining state law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## IV.   CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 82) is **GRANTED**, and Williams's case is **CLOSED**.

>       */s/ Brian R. Martinotti*
>       **HON. BRIAN R. MARTINOTTI**
>       **UNITED STATES DISTRICT JUDGE**

Dated:  February 18, 2022